UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JOHN DOE - subscriber assigned<br>IP address 99.113.197.159,<br><br>　　　　　　　　　　Defendant. | Case No.: 18-cv-2716-WQH-MDD<br><br>**ORDER DENYING MOTION FOR EARLY DISCOVERY**<br><br>**[ECF NO. 4]** |

Before the Court is Plaintiff's *Ex Parte* Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference filed on November 30, 2018. (ECF No. 4). No Defendant has been named or served. For the reasons discussed below, Plaintiff's Motion is **DENIED**.

**I. PROCEDURAL HISTORY**

On November 30, 2018, Plaintiff filed a Complaint against "John Doe," allegedly a subscriber of AT&T U-verse assigned IP address 99.113.197.159 ("Defendant"). (ECF No. 1). Plaintiff alleges direct copyright infringement against Defendant. Plaintiff asserts that it is the registered copyright holder of certain copyrighted works alleged to have been infringed by Defendant.

1

Plaintiff contends Defendant used the BitTorrent file distribution network to copy and distribute Plaintiff's copyrighted works through the Internet without Plaintiff's permission. (*Id.*)

Plaintiff seeks leave to conduct early discovery to learn the identity of the subscriber of the subject Internet Protocol ("IP") address from the Internet Service Provider ("ISP") who leased that IP address to its subscriber during the relevant period. Specifically, Plaintiff seeks an order permitting it to serve a third-party subpoena, pursuant to Fed. R. Civ. P. 45, on AT&T U-verse requiring the ISP to supply the name and address of its subscriber to Plaintiff.

## II. LEGAL STANDARD

Formal discovery generally is not permitted without a court order before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f). Fed. R. Civ. P. 26(d)(1). "[H]owever, in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Requests for early or expedited discovery are granted upon a showing of good cause by the moving party. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002) (applying "the conventional standard of good cause in evaluating Plaintiff's request for expedited discovery").

"The Ninth Circuit has held that when the defendants' identities are unknown at the time the complaint is filed, courts may grant plaintiffs leave to take early discovery to determine the defendants' identities 'unless it is clear that discovery would not uncover the identities, or that the complaint

would be dismissed on other grounds.'" *808 Holdings, LLC v. Collective of December 29, 2011 Sharing Hash*, No. 12-cv-0186 MMA (RBB), 2012 WL 1648838, *3 (S.D. Cal. May 4, 2012) (quoting *Gillespie*, 629 F.2d at 642). "A district court's decision to grant discovery to determine jurisdictional facts is a matter of discretion." *Columbia Ins.*, 185 F.R.D. at 578 (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)).

District courts apply a three-factor test when considering motions for early discovery to identify Doe defendants. *Id.* at 578-80. First, "the plaintiff should identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court." *Id.* at 578. Second, the plaintiff "should identify all previous steps taken to locate the elusive defendant" to ensure that the plaintiff has made a good faith effort to identify and serve process on the defendant. *Id.* at 579. Third, the "plaintiff should establish to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss." *Id.* (citing *Gillespie*, 629 F.2d at 642). Further "the plaintiff should file a request for discovery with the Court, along with a statement of reasons justifying the specific discovery requested as well as identification of a limited number of persons or entities on whom discovery process might be served and for which there is a reasonable likelihood that the discovery process will lead to identifying information about defendant that would make service of process possible." *Id.* at 580.

**III. ANALYSIS**

**A.     Identification of Missing Party with Sufficient Specificity**

Plaintiff must identify Defendant with enough specificity to enable the Court to determine that Defendant is a real person or entity who would be subject to the jurisdiction of this Court. *Columbia Ins.*, 185 F.R.D. at 578.

"[A] plaintiff identifies Doe defendants with sufficient specificity by providing the unique IP addresses assigned to an individual defendant on the day of the allegedly infringing conduct, and by using 'geolocation technology' to trace the IP addresses to a physical point of origin." *808 Holdings*, 2012 WL 1648838, at *4 (quoting *OpenMind Solutions, Inc. v. Does 1-39*, No. C-11-3311 MEJ, 2011 WL 4715200 (N.D. Cal. Oct. 7, 2011); *Pink Lotus Entm't, LLC v. Does 1-46*, No. C-11-02263 HRL, 2011 WL 2470986 (N.D. Cal. June 21, 2011)).

Regarding venue, the Complaint alleges:

> 9. Plaintiff used IP address geolocation technology by Maxmind Inc. ("Maxmind"), an industry-leading provider of IP address intelligence and online fraud detection tools, to determine that Defendant's IP address traced to a physical address in this District. Over 5,000 companies, along with United States federal and state law enforcement, use Maxmind's GeoIP data to locate Internet visitors, perform analytics, enforce digital rights, and efficiently route Internet traffic.
>
> 10. In order to ensure that Defendant's IP address accurately traced to this District, Plaintiff inputted Defendant's IP address into Maxmind's GeoIP database twice: first when it learned of the infringement and again, just prior to filing this action.

(ECF No. 1 ¶¶ 9-10). Attached as Exhibit A to the Complaint is a chart reflecting the IP address alleged to be involved in the illegal downloads, the identity of the infringed works, the date and time of the downloads and a reference to the ISP (AT&T U-verse) and location (San Diego, CA). (ECF No. 1-2).

In its Memorandum of Points and Authorities filed in support of this Motion, Plaintiff again asserts that it employed geolocation technology to trace the physical address of the offending IP address within this jurisdiction.

(ECF No. 4-1 at 12-13).[1] Plaintiff supports its Motion with four Declarations, none of which address geolocation. Two of the Declarations are from technical investigators, Tobias Feiser, identified as an employee of a company that provides forensic investigation services to copyright holders, and Philip Pasquale, identified as a technical advisor to a cybersecurity company. (ECF No. 4-2, Exhs. B, C). Neither address geolocation. Plaintiff also supplied the Declaration of Susan B. Stalzer who states that she conducted a public search tying the allegedly offending IP address to the identified ISP. (ECF No. 4-2, Exh. D ¶11). She also does not address geolocation.

Allegations are not evidence and are insufficient to Plaintiff's purpose. *See Luken v. Christensen Group, Inc.,* No. C16-5214-RBL, 2016 WL 5920092 *2 (W.D. Wa. Oct. 11, 2016). Plaintiff knows that it must support its Motion with evidence – it supplied evidence regarding ownership of the copyrighted material, regarding the allegedly illegal downloads of its protected content and regarding the identity of the ISP. Its failure to include evidence regarding geolocation is inexplicable. This is especially so considering that this very Court addressed this very issue in denying an identical motion by Plaintiff regarding a different IP address on February 15, 2018, in *Strike 3 Holdings v. John Doe,* Civil No. 18-cv-0230-AJB-MDD, ECF No. 5.

Plaintiff should have supported its motion with a competent declaration explaining its use of geolocation technology to discern that the subscriber of the subject IP address is subject to the jurisdiction of this Court and the timing of the geolocation. The failure of the motion to provide any evidence, in the form of declarations, that the subscriber of the subject IP address

---

[1] The Court will refer to pagination supplied by CM/ECF rather than original pagination throughout.

around the time of the alleged unlawful downloads was likely located within the jurisdiction of the Court is fatal. *See Malibu Media, LLC v. John Doe,* No. C-16-01006-WHA, 2016 WL 3383830 *4 (N.D. Cal. June 20, 2016). Accordingly, the motion must be denied. As a consequence of this ruling, the Court will not address the remaining factors at this time.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's *Ex Parte* Motion for Early Discovery is **DENIED.**

**IT IS SO ORDERED.**

Dated: February 11, 2019

Hon. Mitchell D. Dembin
United States Magistrate Judge