UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JOHN DOE - subscriber assigned IP address 99.113.197.159,<br><br>　　　　　　　　　　Defendant. | Case No.: 18-cv-2716-WQH-MDD<br><br>**ORDER GRANTING RENEWED MOTION FOR EARLY DISCOVERY**<br><br>**[ECF NO. 6]** |

**I. PROCEDURAL HISTORY**

On November 30, 2018, Plaintiff filed a Complaint against "John Doe," allegedly a subscriber of AT&T U-verse assigned IP address 99.113.197.159 ("Defendant"). (ECF No. 1). Plaintiff alleges direct copyright infringement against Defendant. Plaintiff asserts that it is the registered copyright holder of certain copyrighted works alleged to have been infringed by Defendant. Plaintiff contends Defendant used the BitTorrent file distribution network to copy and distribute Plaintiff's copyrighted works through the Internet without Plaintiff's permission. (*Id.*)

Plaintiff first filed a motion for leave to take early discovery on

1

December 6, 2019. (ECF No. 4). That motion was denied by the Court because Plaintiff failed to provide evidentiary support, in the form of a declaration, for its allegation that the subscriber of the suspect Internet Protocol ("IP") address likely is located in this district and subject to the jurisdiction of the Court. (ECF No. 5).

On February 14, 2019, Plaintiff renewed its motion seeking an order permitting it to serve a third-party subpoena, pursuant to Fed. R. Civ. P. 45, on Internet Service Provider ("ISP") AT&T U-verse requiring the ISP to supply the name and address of its subscriber to Plaintiff. (ECF No. 6).

**II. LEGAL STANDARD**

Formal discovery generally is not permitted without a court order before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f). Fed. R. Civ. P. 26(d)(1). "[H]owever, in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Requests for early or expedited discovery are granted upon a showing of good cause by the moving party. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002) (applying "the conventional standard of good cause in evaluating Plaintiff's request for expedited discovery").

"The Ninth Circuit has held that when the defendants' identities are unknown at the time the complaint is filed, courts may grant plaintiffs leave to take early discovery to determine the defendants' identities 'unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" *808 Holdings, LLC v. Collective of*

*December 29, 2011 Sharing Hash*, No. 12-cv-0186 MMA (RBB), 2012 WL 1648838, *3 (S.D. Cal. May 4, 2012) (quoting *Gillespie*, 629 F.2d at 642). "A district court's decision to grant discovery to determine jurisdictional facts is a matter of discretion." *Columbia Ins.*, 185 F.R.D. at 578 (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)).

District courts apply a three-factor test when considering motions for early discovery to identify Doe defendants. *Id.* at 578-80. First, "the plaintiff should identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court." *Id.* at 578. Second, the plaintiff "should identify all previous steps taken to locate the elusive defendant" to ensure that the plaintiff has made a good faith effort to identify and serve process on the defendant. *Id.* at 579. Third, the "plaintiff should establish to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss." *Id.* (citing *Gillespie*, 629 F.2d at 642). Further "the plaintiff should file a request for discovery with the Court, along with a statement of reasons justifying the specific discovery requested as well as identification of a limited number of persons or entities on whom discovery process might be served and for which there is a reasonable likelihood that the discovery process will lead to identifying information about defendant that would make service of process possible." *Id.* at 580.

### III. ANALYSIS

With its renewed motion, Plaintiff has provided the Declaration of Emilie Kennedy documenting the use of geolocation technology sufficient to demonstrate that the subscriber of the offending IP address likely is resident

3

in this District. (ECF No. 6-2 at 22-24).[1] Upon review of the renewed motion and its supporting declarations, the Court finds Plaintiff now has sustained its evidentiary burden and shown good cause to subpoena records from the ISP identifying the subscriber assigned to the subject IP address at the identified times. The subpoena must be limited to documents identifying the subscriber's name and address during the relevant period. That information should be sufficient for Plaintiff to be able to identify and serve Defendant. If Plaintiff is unable to identify and serve Defendant after receiving a response to the subpoena, Plaintiff may seek leave from the Court to pursue additional discovery.

The Court also must consider the requirements of the Cable Privacy Act, 47 U.S.C. § 551. The Act generally prohibits cable operators from disclosing personally identifiable information regarding subscribers without the prior written or electronic consent of the subscriber. 47 U.S.C. § 551(c)(1). A cable operator, however, may disclose such information if the disclosure is made pursuant to a court order and the cable operator provides the subscriber with notice of the order. 47 U.S.C. § 551(c)(2)(B). The ISP that Plaintiff intends to subpoena in this case is a cable operator within the meaning of the Act.

**IV. CONCLUSION**

**IV. CONCLUSION**

For the reasons set forth above, Plaintiff's *Ex Parte* Motion for Early Discovery is **GRANTED**, as follows:

1. Plaintiff may serve a subpoena, pursuant to and compliant with

---

[1] The Court will refer to page numbering supplied by CM/ECF rather than original pagination throughout.

the procedures of Fed. R. Civ. P. 45, on the ISP, AT&T U-verse, seeking only the name and address of the subscriber assigned to the subject IP address for the relevant time period.

2. The subpoena must provide at least forty-five (45) calendar days from service to production. The ISP may seek to quash or modify the subpoena as provided at Rule 45(d)(3).

3. The ISP shall notify its subscriber, no later than fourteen (14) calendar days after service of the subpoena, that his or her identity has been subpoenaed by Plaintiff. The subscriber whose identity has been subpoenaed shall then have thirty (30) calendar days from the date of the notice to seek a protective order, to move to quash or modify the subpoena or file any other responsive pleading.

4. Plaintiff shall serve a copy of this Order with the subpoena upon the ISP. The ISP, in turn, must provide a copy of this Order along with the required notice to the subscriber whose identity is sought pursuant to this Order.

5. No other discovery is authorized at this time.

**IT IS SO ORDERED.**

Dated: March 6, 2019

Hon. Mitchell D. Dembin
United States Magistrate Judge